## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS MCCUE | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | No.   O2-CV-4824 |
| COOPER INDUSTRIES, INC., THE HOME | : | |
| DEPOT, AND HOME DEPOT U.S.A., INC. | : | |
| | : | |
|     Defendant | : | |

**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT,
COOPER INDUSTRIES, INC. TO PLAINTIFF'S COMPLAINT**

      1.    Answering defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied.

      2.    Admitted in part.  Denied in part.  It is admitted that answering defendant is an Ohio corporation with its principal business in Texas.  The remaining averments raised in this paragraph represent conclusions of law to which no responsive pleading is required.

      3.    Admitted in part, denied in part.  It is admitted that answering defendant is in the business of manufacturing and selling hammers including the Plumb brand hammer.  It is further denied that answering defendant is liable to plaintiff for any injury or damages as alleged in plaintiff's Complaint or in any other manner whatsoever.

      4.    Admitted in part, denied in part.  It is admitted that answering defendant is in the business of manufacturing and selling hammers including the Plumb brand hammer.  It is further denied that answering defendant is liable to plaintiff for any injury or damage as alleged in plaintiff's Complaint or in any other manner whatsoever.

5. Denied. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied the subject hammer was defectively and negligently designed, manufactured, distributed and sold. In addition, answering defendant specifically denies the alleged defect caused the accident and plaintiff's injuries.

6. Denied. The allegations in the corresponding paragraph are directed to other parties and not the answering defendant, therefore, no responsive pleading is required.

7. Denied. The allegations in the corresponding paragraph are directed to other parties and not the answering defendant, therefore, no responsive pleading is required.

8. Denied. Answering defendant after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of the Complaint, hence, they are deemed denied.

9. Denied. Answering defendant after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of the Complaint, hence, they are deemed denied.

10. Denied. The averments raised in this paragraph of the Complaint represent conclusions of law to which no responsive pleading is required.

11. Denied. Answering defendant after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of the Complaint, hence, they are deemed denied.

12. Denied. Answering defendant after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of the Complaint, hence, they are deemed denied.

WHEREFORE, defendant Cooper Industries, Inc., hereby demands judgment against plaintiff, together with costs thereof.

### COUNT I - NEGLIGENCE v. COOPER INDUSTRIES, INC. AND HOME DEPOT

13. Answering defendant hereby incorporates by reference herein its responses to paragraphs 1 through 12 of the plaintiff's Complaint, as though the same were fully set forth at length herein.

14. Denied. The averments raised in this paragraph of the Complaint represent conclusions of law to which no responsive pleading is required. It is specifically denied that answering defendant negligently and carelessly designed, manufactured, distributed and sold the subject hammer involved in the alleged incident. In addition, it is specifically denied that answering defendant was the proximate cause of the plaintiff's accident and injuries.

15. Denied. The allegations in the corresponding paragraph are directed to other parties and not to the answering defendant and therefore, no responsive pleading is required.

WHEREFORE, defendant Cooper Industries, Inc., hereby demands judgment against plaintiff, together with costs thereof.

### COUNT II - STRICT PRODUCTS LIABILITY

16. Answering defendant hereby incorporates by reference herein its responses to paragraphs 1 through 15 of the plaintiff's Complaint, as though the same were fully set forth at length herein.

17. Denied. The averments raised in this paragraph of the Complaint represent conclusions of law to which no responsive pleading is required. It is specifically denied that the alleged hammer involved in this accident was defective and unreasonably dangerous at the time it was manufactured, designed, distributed and

sold.  If plaintiff sustained any injuries, damages or losses, answering defendant denies any and all liability for same.

19. Denied. The averments raised in this paragraph of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent the plaintiff has raised factual averments, answering defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied.

WHEREFORE, defendant Cooper Industries, Inc., hereby demands judgment against plaintiff, together with costs thereof.

## COUNT III - BREACH OF WARRANTY

19. Answering defendant hereby incorporates by reference herein its responses to paragraphs 1 through 18 of the plaintiff's Complaint, as though the same were fully set forth at length herein.

20. Denied. The averments raised in this paragraph of the Complaint represent conclusions of law to which no responsive pleading is required.  It is further denied that answering defendant is liable to plaintiff for any injury or damages as alleged in plaintiff's Complaint or in any other manner whatsoever.

21. Denied. The averments raised in this paragraph of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent the plaintiff has raised factual averments, answering defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied.  It is further denied that answering defendant is liable to plaintiff for any injury or damages as alleged in plaintiff's Complaint or in any other manner whatsoever.

WHEREFORE, defendant Cooper Industries, Inc. hereby demands judgment against plaintiff, together with costs thereof.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against answering defendant.

## SECOND DEFENSE

The incident described in plaintiff's Complaint may have been caused or contributed to by the negligence of the plaintiff.

## THIRD DEFENSE

Plaintiff may have assumed the risk of his activities.

## FOURTH DEFENSE

The negligent acts or omissions of other individuals and/or entities may have constituted an intervening, superseding cause of the injuries and/or damages alleged to have been sustained by the plaintiff.

## FIFTH DEFENSE

The damages alleged to have been sustained by the plaintiff was not proximately caused by the answering defendant.

## SIXTH DEFENSE

Plaintiff's cause of action may be barred in whole or in part by the applicable statute of limitation.

## SEVENTH DEFENSE

The accident complained of in plaintiff's Complaint may have been caused or contributed to by others over whom answering defendant had no control and for whom it is not responsible.

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY** • ATTORNEYS AT LAW

## EIGHTH DEFENSE

The accident complained of in plaintiff's Complaint may have been caused or contributed to by conditions over which the answering defendant had no control and for which it is not responsible.

## NINTH DEFENSE

Plaintiffs' cause of action may be barred in whole or in part by the applicable Statute of Repose.

## TENTH DEFENSE

Plaintiff may have failed to mitigate the alleged damages.

WHEREFORE, defendant Cooper Industries, Inc., hereby demands judgment in its favor with costs and any further relief as this Court may deem just.

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**


BY:_____
       Christine O. Boyd, Esquire
       Attorney for Defendant,
       Cooper Industries, Inc.


Date:_____

**CERTIFICATE OF SERVICE**

    I, Valerie Aabdollah, Esquire, do hereby certify that on this date, I have served a true and correct copy of the Answer of Cooper Industries, Inc. to Complaint of Plaintiff Thomas McCue with Affirmative Defenses upon the following via first class mail, postage prepaid:

Joseph Chaiken, Esquire
JOSEPH CHAIKEN & ASSOCIATES, P.C.
1800 JFK Boulevard, Fourteenth Floor
Philadelphia, PA  19103-7408

Renee Berger, Esquire
Wilbraham, Lawler & Buba
1818 Market Street
Suite 3100
Philadelphia, PA  19103

                                       Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray

Dated:                                By:_____
                                                  Christine O. Boyd, Esquire
                                                  Attorney for Defendant,
                                                  Cooper Industries, Inc.